IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01543-BNB

JONATHAN WRAY HOVEY,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
UNITED STATES OF AMERICA,

    Respondents.

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant, Jonathan Wray Hovey, currently is detained at the Larimer County Detention Facility in Fort Collins, Colorado. Originally, Applicant filed a pleading titled, "Writ of Habeas Corpus." The Court reviewed the pleading, determined the filings were deficient, and directed Applicant to file his claims on a Court-approved form and either to pay the $5 filing fee or to submit a request to proceed pursuant to 28 U.S.C. § 1915. Applicant filed his claims on a proper form and a request to proceed pursuant to ss1915. The Court granted Applicant leave to proceed pursuant to § 1915. In the § 2241 Application form, Applicant is challenging a detainer that he alleges was entered against him by the United States Postal Inspection and contends that he has been detained without bond for the past four months.

First, the Court addresses the proper respondent in this action. The People of Colorado and the United States are not proper respondents to this action. Applicant's custodian is a proper respondent in a 28 U.S.C. § 2241 action., The United States Attorney for the District of Colorado (U.S. Attorney), however, would best respond to Applicant's claims regarding the detainer. *See Braden v. 30th Judicial Circuit Court of*

*Kentucky*, 410 U.S. 484 (1973) (applicant is not precluded from challenging a future detainer).  Therefore, the U.S. Attorney is named as respondent for the purpose of responding to this Order.

Next, as part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate.  The U.S. Attorney is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of available remedies with respect to the detainer.  If the U.S. Attorney does not intend to raise this affirmative defense, he must notify the Court of that decision in the Preliminary Response.  The U.S. Attorney may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, the U.S. Attorney should attach as exhibits all relevant portions of the administrative record, including but not limited to copies of all documents demonstrating whether Applicant has exhausted the available remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the exhaustion of remedies.  Accordingly, it is

ORDERED that the U.S. Attorney is the only party to be served with this Order.  It is

FURTHER ORDERED that **within twenty-one days from the date of this Order** the U.S. Attorney shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if the U.S. Attorney does not intend to raise the affirmative defenses of exhaustion of remedies, he must notify the Court of that decision in the Preliminary Response.

Dated:  July 15, 2014

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge